```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA


AMY C. PARKS-LISICHKIN,        )
                               )
           Plaintiff,          )    Civil Action No. 04-1066
                               )
   v.                          )    Judge Cercone
                               )    Magistrate Judge Caiazza
JO ANNE B. BARNHART,           )
Commissioner of Social         )
Security,                      )
                               )
           Defendant.          )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the District Court grant the Defendant's Motion for Summary Judgment (Doc. 15) and deny the Plaintiff's Motion for Summary Judgment (Doc. 13).

**II.   REPORT**

The Plaintiff Amy C. Parks-Lisichkin ("Ms. Parks-Lisichkin" or "the Claimant") filed with the Social Security Administration ("the Administration" or "SSA") applications for disability insurance benefits and supplemental security income. *See generally* R. at 112-14, 477-80. The purported onset date of her disability was May 1, 2000, when she allegedly became unable to work due to an array of physical and psychological conditions.[1]

---

[1] *See generally* R. at 89, 170; *see also generally id.* at 127, 134 (claiming disability based on "numbness in the extremities[,] fluid retention[,] severe loss of scalp hair[,] hypothyroidism[,] characteristics of narcolepsy," "malign[a]nt [mela]noma in 1994, overweight, [and] excessive tiredness"); Pl.'s Br. (Doc. 14) at 3 (identifying "alopecia; chest pain; fluid retention; weight gain; numbness in both hands and feet; microadenoma of the pituitary gland; malignant melanoma; headaches; narcolepsy; fatigue; hypothyroidism;

The Administration denied Ms. Parks-Lisichkin's applications. Thereafter the Claimant requested a hearing, which was held before administrative law judge Elliot Bunce ("the ALJ") on March 27, 2002.

On August 20, 2002, the ALJ issued a written decision denying the Claimant's applications ("the ALJ's Decision"). *See* R. at 13-18.  The ALJ concluded that Ms. Parks-Lisichkin suffered the "severe" impairments of "a history of narcolepsy, dysthymic disorder[,] panic disorder," "status post surgical treatment for melanoma and . . . bilateral carpal tunnel syndrome[,] mild depression[,] and anxiety."[2]  The ALJ found that, in light of said impairments, the Claimant retained the residual functional capacity ("RFC") for sedentary or light work requiring no more than occasional climbing, balancing, stooping, kneeling, crouching, or crawling; no exposure to hazards, such as heights or dangerous machinery; no fine dexterity; and no more than simple, routine, repetitious tasks, with one or two-step instructions, performed in a low-stress environment, defined as work requiring few decisions and no more than occasional contact with the public or co-workers.  *See id.* at 17.  At the hearing,

---

irregular menses; polycystic ovary disease; fibromyalgia; low back pain; acid reflux; cholecystitis; degenerative joint disease; arthritis; depression; carpel tunnel syndrome; and vision problems").

[2]  Implicit in the ALJ's decision was his conclusion that the Claimant's numerous other maladies had no significant effect on her capacity to work. This conclusion is not challenged on appeal, and it is supported by substantial evidence.

a vocational expert identified positions that could be performed by a person with the aforementioned abilities and limitations. *See generally id.* at 19-20.  Recognizing that such positions existed in significant numbers in the national economy, the ALJ concluded at step five of the sequential analysis that the Claimant was not disabled.  *See id.*

After exhausting administrative remedies, the Claimant filed this lawsuit seeking judicial review of the ALJ's decision. *See generally* Compl.  The parties have filed cross-motions for summary judgment, which are now ripe for adjudication.

Having carefully reviewed the entire record, the undersigned concludes that the ALJ's decision was neither erroneous nor unsupported by substantial evidence.  Accordingly, the court will limit its discussion to the alleged points of error identified by the Claimant.

The Claimant first challenges the ALJ's conclusion that her mental conditions did not meet or equal a listed impairment. *See generally* Pl.'s Br. at 7-11.  Counsel argues that Ms. Parks-Lisichkin satisfied listings 12.04 ("Affective Disorders"), 12.06 ("Anxiety Related Disorders"), 12.07 ("Somatoform Disorders"), and 12.08 ("Personality Disorders").  *See id.* at 7, 9-11.

To satisfy any of the above listings, the Claimant had to meet at least two of the four "B" criteria listed in the relevant regulations.  The ALJ concluded that Ms. Parks-Lisichkin did not meet any of the relevant criteria, and said conclusion was supported by the medical evidence.  *See* R. at 450 (report of SSA physician, finding only mild restriction in daily activities, moderate difficulty in social functioning, moderate difficulties in concentration/persistence/pace, and no episodes of decompensation[3]).  All Claimant's counsel identifies to the contrary are Ms. Parks-Lisichkin's subjective reports and testimony.  *See* Pl.'s Br. at 8.  The ALJ found the Claimant's statements only partially credible, however, and counsel offers no meaningful challenge to the credibility determination.

The Claimant's next argument for reversal relates to her testimony regarding narcolepsy and/or alleged anxiety attacks. *See generally* Pl.'s Br. at 12-13.  Ms. Parks-Lisichkin claims that, "two or three times per week," these conditions made her "unable to work from anywhere from two to three hours" per day. *See id.* at 13.  The vocational expert agreed that a person with these limitations would be unable to maintain employment.

---

[3]  Regarding episodes of decompensation, the ALJ did not err in discounting the Claimant's testimony regarding an alleged suicide attempt.  *Cf.* ALJ's Decision, R. at 16.  Despite the ALJ's having kept the record open for more than a month after the hearing, and the Claimant never submitted the records she promised would substantiate her claim.  *See* Hearing Tr., R. at 35-37 (discussing Claimant counsel's anticipated submission of records within specified time frame); ALJ's Decision, R. at 16 (noting Claimant's failure to submit aforementioned records).

*See id.*

As referenced above, however, the ALJ found the Claimant's subjective reports to be less than fully credible. Again, counsel has failed to level a reasoned challenge in this regard, and the credibility determination enjoyed substantial support in the record. *Compare* ALJ's Decision, R. at 15-16 (finding that record did not support Claimant's allegations of frequent narcoleptic episodes and severe anxiety attacks) *with, e.g.,* R. at 430 (consultative examiner's report, identifying only "mild and occasional symptoms of anxiety") *and* Hearing Tr., R. at 59, 62 (testifying that, in last two years, Claimant had narcoleptic episodes "[t]wo to three times a week," but then stating none occurred within last month).

In sum, the Claimant has articulated no reasoned basis for reversing the ALJ's decision,[4] and summary judgment should be granted in favor of the Defendant.

---

[4]  The only other basis for reversal identified is the Claimant's assertion that the ALJ failed to consider the combined effects of her multiple impairments.  *See* Pl.'s Br. at 11.  No meaningful argument in support of this theory is advanced, however, and the record confirms that all of the Claimant's severe impairments were accounted for.  *See generally* ALJ's Decision, R. at 17 (adopting RFC that accounted for both physical and non-physical impairments).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by August 24, 2005.  Responses to objections are due by September 6, 2005.

August 8, 2005

*Francis X. Caiazza* (signature)
Francis X. Caiazza
U.S. Magistrate Judge

cc:

Rebecca Haywood, Esq.
Assistant U.S. Attorney

John A. Kopay, Esq.
Laurel Legal Services, Inc.
231 West Main Street
Clarion, PA  16214